# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 2 5 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

**HUGH JARRATT,**
**an Arkansas resident**

**JARRATT INDUSTRIES, LLC,**
**an Arkansas Limited Liability Company**                    **PLAINTIFFS**

**vs.**                    CASE NO. 16-5302 PKH

**AMAZON.COM, INC.**                    **DEFENDANTS**
**A Delaware Corporation**

**CT DISCOUNT STORE, INC.**
**A New York Corporation**

## JURY TRIAL REQUESTED

## COMPLAINT

Comes now the Plaintiffs, Hugh Jarratt and Jarratt Industries, LLC, by and through their

attorney, Schrantz Law Firm, PLLC, for their Complaint against Amazon.com, Inc. and CT

Discount Store, Inc. state as follows:

1.      Plaintiff Hugh Jarratt (hereinafter referred to as "Jarratt") is an Arkansas resident residing

in Fayetteville, Arkansas.

2.      Plaintiff Jarratt Industries, LLC (hereinafter referred to as "Jarratt Ind.") is an Arkansas

limited liability company with its principal place of business in Fayetteville, Arkansas.

3.      Defendant Amazon.com, Inc. (hereinafter referred to as "Amazon") is, upon information

and belief, a Delaware corporation with its principal place of business located in Seattle,

Washington.

4.      Defendant CT Discount Store, Inc. (hereinafter referred to as "CT Discount") is, upon information and belief, a New York corporation with is principal place of business located in Floral Park, New York.

## Jurisdiction

5.      This is a complaint for patent infringement arising under the patent laws of the United States,, Title 35 of the United States Code, 35 U.S.C. § 271, 282, 283, 284, 285.

6.      This Court has jurisdiction under 28 U.S.C. § 1338 and 1400 and venue is proper under 28 U.S.C. § 1391(b).

7.      Furthermore, Defendants intentionally and maliciously pirated and infringed upon a patent and trademark belonging to the Jarratts located in Fayetteville, Arkansas.

8.      This Court has subject matter jurisdiction over the Jarratts' federal claims pursuant to 35 U.S.C. § 271, 35 U.S.C. § 289, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

9.      This Court has supplemental jurisdiction over the Jarratts' pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with the Jarratts' federal claims and arise from a common nucleus of operative facts such that administration of the Jarratts' state law claims with their federal claims furthers the interest of judicial economy.

10.     The Court has personal jurisdiction over Defendants because upon information and belief, Defendants have transacted business within the state of Arkansas; promoted themselves via the Internet, which is available to Internet users throughout the world, including those in Arkansas and in this district; committed acts, or caused consequences to occur that resulted in an action for the torts alleged in this complaint, including patent infringement and trademark infringement.

11.     Venue is proper in this district under 28 U.S.C. 1391(b) because a substantial part of the acts giving rise to the claim occurred in this district and because Defendants are subject to personal jurisdiction in this district.


**Factual Background**

12.     For many years, Jarratt has been engaged in the development, manufacture, and sell of taco plates and other kitchen utensils and cooking products.

13.     Jarratt has taken steps to protect his innovative designs, including his taco plates.  In particular, Jarratt owns U.S. Patent No. D574,187 entitled "Divided Plate for Separating Food" (hereinafter referred to as "the '187 patent") relating to Jarratt's taco plate.  Relevant to this dispute, Jarratt is and has been the owner of all right, title, and interest to the '187 patent.

14.     On August 5, 2008, the '187 patent was duly and lawfully issued to inventor Hugh Jarratt.  A true and correct copy of the '187 patent is attached as Exhibit 1.

15.     Jarratt owns rights in the '187 patent sufficient to bring this action.

16.     Jarratt has achieved success and nationwide notoriety with his patented Taco Plate. Jarratt's Taco Plate has been featured on the NBC's Today Show in the segment entitled "What's Hot in the Kitchen" which aired on or around July 5, 2012.  Jarratt's patented taco plate has also been featured in the NBC Nightly News, ABC's Dateline, the Seattle Times, the Arkansas Business Journal, the Arkansas Democrat Gazette, and the Fayetteville Flyer.  *See* Exhibits 2 and 3.

17.     Jarratt's patented plates have been and are currently sold through Amazon through both Natural State Mercantile and Wire Whisk.

18.     Upon information and belief, Amazon sells, offers for sale, and exposes for sale Defendants' infringing plates by CT Discount Store, Inc.

19.     Upon information and belief, CT Discount Store, Inc. sells and offers for sell infringing plates on Amazon's website located at Amazon.com.

20.     Upon information and belief, Amazon profits from the sale of the infringing plates.

21.     Defendants currently sell, offer for sell, and expose for sale infringing taco plates that were not acquired from Jarratt.  Offers for sale and exposures for sale of Defendants' infringing taco plates are attached as Exhibits 4 and 5.

22.     Upon information and belief, Defendants transact or have transacted business within this judicial district for Defendants' individual gain and benefit and are subject to the jurisdiction of this Court.

23.     Upon information and belief, without Jarratt's authorization, Defendants have offered for sale, sold, and exposed for sale and continue to offer for sale, sell, and expose for sale in the United States and Arkansas imitation taco plates having designs that are covered by the '187 patent (hereinafter referred to as "Defendants' Infringing Plates").

24.     Upon information and belief, Defendants knowingly and intentionally sold, offered for sale, and exposed for sale and continue to sell, offer for sale, and expose for sale Defendants' Infringing Plates as simulations of Jarratt's taco plates.  *See* Exhibits 4 and 5.

25.     Amazon directs potential customers to purchase from CT Discount Store, instead of Jarratts' licensed products.  *See* Exhibits 4 and 5 (bottom portion of page 2).

26.     Amazon provides links to infringing plates offered at lower prices than the prices at which Jarratt's licensed products are offered.  *See* Exhibits 4 and 5 (bottom portion of page 2).

27.     Amazon encourages users to compare the prices of the infringing products to the licensed products in a table that compares similar items.  *See* Exhibits 4 and 5 (bottom portion of page 2).

28.     Amazon also provides an Amazon Selling Coach that provides pricing information concerning competing products.

29.     The Amazon Selling Coach recommends matching the lowest price for the competing products.

30.     Amazon, through its Amazon Selling Coach, recommends that Jarratt's licensees match the prices of the lower priced infringing products to compete with the infringing products.  *See* Exhibit 6.

31.     Chart 1 below demonstrates Defendants' infringement by comparing figures of the '187 patent with the Infringing plates sold by Defendants.

Chart 1: Comparison of the '187 patent to Defendants' Infringing Plate



| The '187 Patent | Defendants' Infringing Plate |
|---|---|

FIG. 1



FIG. 2

FIG. 3

FIG. 4

FIG. 5



FIG. 6

FIG. 7

32.     Based on information and belief, Defendants have infringed and continue to infringe the

'187 patent within the meaning of 35 U.S.C. §§271(a), 289 at least by selling, offering to sell,

and exposing for sale Defendants' Infringing Plates without Jarratt's authorization or license.

33.     Jarratt has sold and is currently selling its Taco Plate bearing the design claimed in the

'187 patent.  As contemplated by the Patent Act, 35 U.S.C. § 287, Jarratt has provided notice of

the '187 patent by marking the '187 patent number on Jarratt's Taco Plates models bearing those

patented designs since approximately the time the United States Patent and Trademark Office

issued the '187 patent.

34.     On information and belief, Defendants' infringement of the '187 patent has been and continues to be intentional and willful.

35.     Defendants offer two variations of infringing plates in a four (4) pack and six (6) pack variations. *See* Exhibits 4 and 5.

36.     The Jarratts offer taco plates that were made in the USA that were manufactured in Arkansas. *See* Exhibits 2 and 3.

37.     The Jarratts provide such taco plates to Wal-Mart through Wal-Mart's Made in America campaign. *See* Exhibits 2 and 3.

38.     Defendants falsely advertise that the infringing plates were made in the USA. *See* Exhibits 4 and 5.

39.     The infringing plates sold by Defendants were actually made in China despite being advertised as Made in the USA. *See* Exhibits 7 and 8, showing pictures of the bottom of the infringing taco plate and packaging showing that the plates are made in China.

40.     Consumers and the public purchase the infringing taco plates under the belief that the infringing taco plates are made in the USA due to the Defendants' false marketing. *See* Exhibits 2-3 (showing the Jarratts' American made products) and 4-5 (Defendants' false marketing).

41.     Consumers and the public are not made aware that the infringing taco plates are made in China until after the consumers receive the infringing plates from the Defendants.

42.     Defendants' bait and switch of offering American made products and then providing Chinese made products irreparably harms the Jarratts and the Jarratts' reputation.

43.     Infringing on both the Jarratts' patent and trademarks, Defendants harm Jarratt Industries' reputation as a company that provides products Made in the USA.

## COUNT 1 - Patent Infringement

44.    The Jarratts incorporate the preceding Paragraphs of their Complaint as if fully rewritten here.

45.    Defendants have made, used, offered to sell, sold, and/or imported into the United States, and continues making, using, offering to sell, selling, and/or importing into the United States, taco plates having designs that infringe the '187 patent without Jarratt's authorization.

46.    Defendants have also sold and exposed for sale and continue to sell and expose for sale Jarratt's patented design or colorable imitation thereof.

47.    Defendants sell and expose for sell an infringing plate that is a sufficiently similar design to Jarratt's patented design.

48.    The infringing plate and Jarratt's patented design share sufficient similarities such that the infringing plate and Jarratt's patented plate stack upon each other.

49.    On information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case.

50.    Jarratt has been and will continue to be irreparably harmed by Defendants' infringement of the '187 patent.


**COUNT 2 – Unfair Trade Practices (15 U.S.C. 1125(a))**

51.    The Jarratts incorporate the preceding Paragraphs of their Complaint as if fully rewritten here.

52.    Defendants' sell and offer of sale of the imitation plates creates unfair competition against Jarratts.

53.    Defendants' use of Jarratt Indusries and Jarratt Industries (with Industries misspelled), for goods that are identical, related, and/or substantially similar to those produced by the Jarratts

constitute a false designation of origin and a false representation as to the origin of Defendants' infringing plates is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the false impression that the goods are authorized, sponsored, endorsed, licensed by, or affiliated with the Jarratts. Defendants' actions constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

54.   Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as the Jarratts' own goods.

55.   Defendants' conduct is willful, intended to reap the benefit of the goodwill of the Jarratts and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

56.   Defendants' conduct has caused and is causing immediate and irreparable injury to the Jarratts and will continue both to damage the Jarratts and deceive the public unless enjoined by this Court.

## COUNT 3 – Common Law Trademark Infringement, Unfair Competition, and
## False Designation of Origin or Description

57.   The Jarratts incorporate the preceding Paragraphs of their Complaint as if fully rewritten here.

58.   Defendants' use of Jarratt Indusries and Jarratt Industries is likely to cause confusion, mistake, or deception as to the source or sponsorship of the Jarratts.

59.   Defendants' sale of infringing plates under the trademark Jarratt Indusries and Jarratt Industries, constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with the Jarratts, or as to

the origin, quality, sponsorship or approval of Defendants' goods or associated activities thereby causing damage to the reputation of the Jarratts' products and trademarks.

60.     Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as the Jarratts' own goods.

61.     Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as Made in the USA.

62.     Defendants' misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which in commercial advertising or promotion misrepresents the characteristics or qualities of Defendants' products or commercial activities.

63.     By engaging in the misconduct alleged herein, Defendants have infringed the Jarratt Industries mark and the Jarratt Industries' rights in the Jarratt Industries mark.

64.     Defendants' knowledge of the Jarratt Industries' prior use of the Jarratt Industries mark demonstrates such activities were, and remain, willful and intentional.

65.     Defendants' willful and intentional acts of infringement have caused and are causing great injuries to the Jarratts' business, the value of the Jarratt Industries mark, and the Jarratts' goodwill and reputation, in an amount that cannot yet be ascertained.  The Jarratts are entitled to an award of damages compensatory of these injuries caused by Defendants, the continuation of which unless restrained, will cause further irreparable injury and damage, leaving the Jarratts with no adequate remedy at law.

66.     Defendants' continued unauthorized use of the Jarratt Industries mark constitutes common law trademark infringement and unfair competition.

67.     By reason of Defendants' misconduct, the Jarratts are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

68.     As a direct and proximate result of the intentional misconduct of Defendants alleged herein, the Jarratts are entitled to recover Defendants' profits in an amount to be determined at trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

### COUNT 4 – Violation of the Arkansas Law under Deceptive Trade Practices Act
### (Ark. Code Ann. § 4-88-101, et seq.)

69.     The Jarratts incorporate the preceding Paragraphs of their Complaint as if fully rewritten here.

70.     Defendants' acts constitute unfair trade practices in violation of the Arkansas law and specifically the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq., for at least the following reason:

      a.     Defendants are using the Jarratt Industries mark knowingly to make false representations as to the characteristics, uses, benefits, source, quality sponsorship or approval of Defendants' infringing products; and

      b.     Defendants, by causing confusion as to origin of their services and products, are engaging in unconscionable, false or deceptive acts or practices in business, commerce or trade.

71.     Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as Jarratts' own goods.

72.    Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as Made in the USA.

73.    Defendants' willful and intentional acts have caused and are causing great injuries to the Jarratts' business, the value of the Jarratt Industries mark, and the goodwill and reputation, in an amount that cannot yet be ascertained.

74.    By reason of Defendants' misconduct, the continuation of which, the Jarratts are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, enjoining further acts of infringement, unfair competition, false advertising and false designation of origin.

75.    Furthermore, in view of Defendants' knowledge of the Jarratt Industries' prior use of the Jarratt Industries mark, such activities were, and remain, willful and intentional.

76.    As a direct and proximate result of the intentional misconduct of Defendants alleged herein, the Jarratts are entitled to recover Defendants' profits in an amount to be determined at trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

### COUNT 5 – Tortious Interference with Prospective Business Relations

77.    The Jarratts incorporate the preceding Paragraphs of their Complaint as if fully rewritten here.

78.    At all times material hereto, the Jarratts' have had prospective business relations and expectancies with customers of the Jarratts' products sold under the Jarratt Industries mark and company name and the '187 patent.

79.    Defendants were aware of, or should have been aware of, said prospective business relations.

13

80.    The misconduct of Defendants alleged herein tortiously interfered with said business relations, and with said prospective customers and expectancies; such misconduct includes, among other things redirecting customers searching for the Jarratts' goods to Defendants' competing infringing goods that infringe the Jarratts' patent and trademark and goods that are deceptively marketed to the public as Made in the USA.

81.    Defendants' continued unauthorized use of the Jarratt Industries mark has interfered with and impaired the Jarratts' ability to advertise and serve its customers.

82.    Defendants have employed improper means by using the Jarratts' mark without the Jarratts' consent.

83.    Defendants deceived and continue to deceive potential customers by misrepresenting the Defendants' goods as Jarratts' own goods.

84.    Defendants have an improper motive to profit from and exploit the Jarratt Industries mark on confusingly similar goods without the Jarratts' permission and without compensation.

85.    In view of Defendants' knowledge of the Jarratts' competing business and goods, such deceptive activities were, and remain, willful and intentional.  The Jarratts and the public have been injured by such activities.

86.    As a direct and proximate result of the misconduct of Defendants alleged herein, the Jarratts are entitled to recover Defendants' profits in an amount to be determined at trial, plus enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts, plus attorneys' fees.

87.    Some of the misconduct of Defendants alleged herein has been committed with malice, or with reckless disregard for the injury that such misconduct would cause to the Jarratts, entitling the Jarratts to punitive or exemplary damages.

WHEREFORE, the Jarratts request a jury trial on any issues so triable, and the Jarratts respectfully pray for the following relief:

A.    Judgment that Defendants willfully infringed the '187 patent in violation of 35 U.S.C. § 271(a);

B.    An award of damages adequate to compensate Jarratt for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendant's willful patent infringement, or an award of Defendant's profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

C.    A preliminary and permanent injunction against further infringement of the '187 patent by Defendants, their agents, servants, employees, officers, and all others controlled by them;

D.    An award to Jarratt of attorney's fees, costs, and expenses in this action pursuant to 35 U.S.C. § 285, with prejudgment interest; and

E.    A preliminary and permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

(a)    imitating, copying, using, reproducing, registering, attempting to register and/or displaying any mark so resembling any of the Jarratt Industries' marks as to be likely to cause confusion, mistake or deception therewith;

(b)    using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception or mistake in the marketplace with regard to the Jarratt Industries' marks or products sold thereunder;

(c)    An order for corrective advertising in a form, manner and frequency that is acceptable to the Jarratts and the Court;

F.      An order directing that Defendants file with the Court and serve upon counsel for the Jarratts within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Court's orders;

G.      Judgment against Defendants, awarding the Jarratts such damages which have been sustained or will sustain by reason of Defendants' acts of patent infringement, trademark infringement, and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117;

H.      Judgment against Defendants, awarding the Jarratts all profits of Defendants resulting from its misconduct alleged herein, in an amount to be proven at trial;

I.      Judgment against Defendants, awarding the Jarratts enhanced damages based upon Defendants' profits after an accounting thereof, including all statutory enhancements and other enhancements on account of the willful nature of Defendants' misconduct;

J.      An award of prejudgment and post judgment interest;

K.      An award of the Jarratts' costs and expenses, including, without limitation, the Jarratts' attorney's fees incurred herein pursuant to 15 U.S.C. § 1117(a); and

L.      All other relief, in law or in equity, to which the Jarratts may be entitled, or which the Court deems just and proper.

Respectfully submitted,

Hugh Jarratt, and
Jarratt Industries, LLC, Plaintiffs

10-21-16

Date

By: _____
Stephen D. Schrantz
Arkansas Bar No. 2006215

16

Schrantz Law Firm, PLLC
1000 East Matthews, Suite C
Jonesboro, AR 72401
(870) 275-7838 – Telephone
schrantzlaw@gmail.com