IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HUGH JARRATT and JARRATT
INDUSTRIES, LLC                                                                                    PLAINTIFFS

v.                                            No. 5:16-CV-05302

AMAZON.COM, INC.                                                                                    DEFENDANT

**OPINION AND ORDER**

Before the Court is Defendant Amazon.com, Inc.'s ("Amazon") motion (Doc. 41) to transfer venue to the Western District of Washington, or in the alternative to dismiss for improper venue. Amazon has filed a brief (Doc. 42) in support. Plaintiffs Hugh Jarratt and Jarratt Industries, LLC (collectively, "Jarratt")[1] have filed a response (Doc. 45) in opposition. Amazon filed a reply (Doc. 47) with leave of Court, and the Court denied Jarratt's motion to file a surreply. Amazon filed its motion in response to the Court's May 30, 2017 order (Doc. 38), entered following the decision of the Supreme Court in *TC Heartland, LLC v. Kraft Foods Group Brands LLC*, --U.S.--, 137 S.Ct. 1514 (2017). The motion will be granted as to transfer and denied as to dismissal.

As the Court noted in its show cause order, Amazon has waived the defense of improper venue. (Doc. 38, p. 3). Amazon argues that because *TC Heartland* is an intervening decision that presents new case law on the issue of proper venue, Amazon should have an opportunity to raise a defense that was not previously available to it. This Court agrees with the analysis of this issue in *Reebok International Ltd. v. TRB Acquisitions LLC*, Case No. 3:16-CV-1618, 2017 WL 3016034 (D. Or. July 14, 2017) which directly addresses whether this defense would have been available prior to the holding in *TC Heartland*. Under this analysis, Amazon's argument fails

---

[1] Hugh Jarratt founded Jarratt Industries, LLC, and operates it out of his home in his spare time. (Doc. 45-1, ¶¶ 1–9).

1

because the defense of improper venue was available to it. The *TC Heartland* decision merely reiterates Supreme Court precedent from *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957), which was erroneously rejected by the Federal Circuit. Amazon has waived the defense of improper venue, and its motion to dismiss will be denied.

While dismissal is inappropriate, the motion to transfer will be granted. Venue may be transferred to a more convenient forum under 28 U.S.C. § 1404(a). As a threshold matter, the new venue must be a district or division where the action originally "might have been brought." 28 U.S.C. § 1404(a). A patent infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Amazon resides in the State of Delaware because it is incorporated there. (Doc. 1, ¶ 3); *TC Heartland, LLC*, 137 S.Ct. at 1521 ("As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation."). Amazon's principal place of business is its corporate headquarters in the Western District of Washington, so it inarguably has a regular and established place of business in that district. Amazon's alleged acts of infringement[2] are the selling, offering for sale, or exposing for sale through its website of products that infringe Jarratt's patent. (Doc. 1, ¶¶ 18, 19). Amazon's "retail and marketplace website operations" are coordinated from its corporate headquarters in the Western District of Washington. (Doc. 42-1, ¶ 7). Its alleged acts of infringement occurred there, as much as they occurred anywhere. This action could originally have been brought in the Western District of Washington.

Because the Western District of Washington is an acceptable venue for transfer, the Court

---

[2] Whether any act of infringement has occurred is reserved for trial—allegations of infringement are sufficient for a venue determination. *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).

2

must determine whether "the convenience of parties and witnesses . . . [and] the interest of justice" weigh in favor of transfer of venue. 28 U.S.C. § 1404(a). This is typically a two-prong analysis. Under the "convenience" prong, the Court considers:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Under the "interest of justice" prong, the Court considers:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Id.* The deference typically given to a plaintiff's choice of forum means that Amazon bears the burden of persuasion. *Id.* at 695.

The convenience prong weighs in favor of transfer. Under this prong, many Courts consider the convenience of witnesses to be the most important factor. *See* 15 Wright, Miller & Cooper, Fed. Practice and Procedure § 3851, n.1 (4th ed.) (collecting cases). In response to Amazon's motion, Jarratt identifies witnesses[3] other than himself who are located or have a presence in this district. Jarratt represents that these witnesses have knowledge related to damages and to the marking and manufacture of Jarratt's product. (Doc. 45-1, ¶¶ 10–12). Amazon identifies witnesses whose testimony is likely to be relevant to Amazon's allegedly-infringing conduct, and who are likely to be located in the Western District of Washington. In this case,

---

[3] Amazon argues that the convenience of these witnesses should not be considered because Jarratt has not disclosed them in discovery. Because this factor favors Amazon even if the Court considers Jarratt's witnesses, resolving this dispute is unnecessary.

testimony of liability witnesses is likely to be more substantial than testimony of damages witnesses. Additionally, travel to the Western District of Washington will be more convenient than travel to this district for any foreign witnesses associated with Chinese manufacturers of accused products, and for any witnesses from now-dismissed CT Discount Store, which is located in New York. This factor weighs in favor of transfer.

The remaining convenience prong factors are split, but weigh in favor of transfer. With respect to the parties, each party's preferred district is inarguably more convenient to it, and it appears equally inconvenient for each to litigate in the other district. Hugh Jarratt operates Jarratt Industries, LLC in his spare time, and he spends more time at a separate full-time job. Amazon is headquartered in Seattle, Washington, and most of its relevant party witnesses are likely to be located there. This factor is neutral. Accessibility to records and documents favors transfer because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genetech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotation omitted). The conduct complained of in this case is Amazon's decision to sell allegedly-infringing products. This conduct occurred primarily in the Western District of Washington. The only conduct that appears to have occurred in this district is that Amazon allowed access to its website where the accused products were offered for sale, but this conduct happens equally in every district where the website is accessible—including the Western District of Washington. Finally, while Arkansas substantive law applies to some of the claims at issue, applying state law from a different forum presents no special concern for federal courts, and the central claims in this suit are federal. This factor is neutral.

The interest of justice prong weighs in favor of transfer. Judicial economy is typically

served by allowing a case to proceed in the district that is "the locus of operative facts." 15 Wright, Miller & Cooper, Fed. Practice and Procedure § 3854, n.29 (4th ed.) (collecting cases). In a patent infringement case, that is the location of the allegedly-infringing conduct—here, the Western District of Washington. *See, e.g., LG Electronics, Inc. v. First Int'l Computer, Inc.*, 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("The district court ought to be as close as possible to the infringing device and the hub of activity centered around its production. . . . Also relevant is the place where marketing and sales decisions were made, rather than where the limited sales activity has occurred."). Jarratt's choice of forum is owed more than minimal deference because Jarratt is headquartered here and so has some relevant contact with this district, but because Amazon's conduct occurred primarily in the Western District of Washington and the conduct in this jurisdiction (the offering for sale of the accused product through its website) occurred equally nationwide, this deference is not as substantial as Jarratt argues it must be. *Cf. In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (identifying a party's headquarters in a district as a relevant factor that would warrant something more than minimal deference to a plaintiff's choice of forum, but noting that "[t]his 'general' practice of according deference . . . is based on an assumption that the plaintiff's choice will be a convenient one."). The comparative cost to the parties favors transfer, as Amazon is likely to bear the burden of producing most of the documents and testimony in this case. The remaining factors are neutral, as there will be no substantial barrier to enforcement of a judgment, no conceivable obstacle to a fair trial, no substantive conflict of law issues in either district, and any advantage to having this Court determine any questions of Arkansas law is de minimis.

IT IS THEREFORE ORDERED that Defendant Amazon.com, Inc.'s motion (Doc. 41) is GRANTED IN PART and DENIED IN PART. The motion is DENIED to the extent it seeks

dismissal for improper venue. The motion to transfer venue is otherwise GRANTED, and the Clerk is directed to transfer this case to the United States Court for the Western District of Washington.

IT IS SO ORDERED this 10th day of August, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE